

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

December 20, 2016

The Honorable Charles Schwertner
Chair, Committee on Health and
   Human Services
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0124

Re: Whether doctors of osteopathy are authorized to issue certificates of medical examination under chapter 574 of the Health and Safety Code (RQ-0133-KP)

The Honorable Joan Huffman
Chair, Committee on State Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Dear Senator Schwertner and Senator Huffman:

You request an opinion addressing whether doctors of osteopathy "have legal authority to issue Certificates of Medical Examination and other relevant documents under Health and Safety Code, Chapter 574."[1] Chapter 574 governs court-ordered mental health services. See TEX. HEALTH & SAFETY CODE §§ 574.001–.203. Through this chapter, the Legislature authorized certain judges to commit individuals to involuntary psychiatric care in specific circumstances. See id. §§ 574.034–.035 (authorizing a judge to order a proposed patient to receive court-ordered inpatient mental health services upon making certain findings). Section 574.001 provides that a "county or district attorney or other adult may file a sworn written application for court-ordered mental health services." Id. § 574.001(a). Before holding a hearing on an application for court-ordered mental health services, the court must have on file "at least two certificates of medical examination for mental illness completed by different physicians each of whom has examined the proposed patient during the preceding 30 days." Id. § 574.009(a).[2] Section 574.011 establishes the requirements for a certificate of medical examination for mental illness, and the certificate

---

[1] Letter from Honorable Charles Schwertner, Chair, Senate Comm. on Health & Human Servs. and Honorable Joan Huffman, Chair, Senate Comm. on State Affairs, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 6, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

[2] At least one of the two physicians submitting certificates of medical examination for mental illness must be a psychiatrist if a psychiatrist is available in the county. TEX. HEALTH & SAFETY CODE § 574.009(a). Doctors of osteopathy can specialize in the practice of psychiatry. See AM. OSTEOPATHIC ASS'N, https://www.osteopathic.org/inside-aoa/development/aoa-board-certification/Pages/neurology-psychiatry-certification.aspx (listing the requirements for certification in the practice of psychiatry) (last visited Dec. 7, 2016).

"must be sworn to, dated, and signed by the examining physician." *Id.* § 574.011(a). Your question concerns who qualifies as a "physician" authorized to issue these certificates of examination under section 574.009.

As a preliminary matter, we note that while courts consider attorney general opinions persuasive authority, our opinions do not constitute binding law. *Tex. Alcoholic Beverage Comm'n v. Amusement & Music Operators of Tex., Inc.*, 997 S.W.2d 651, 656 (Tex. App.—Austin 1999, pet. dism'd w.o.j.). We have no authority to reverse a decision by a court. However, we have a constitutional and statutory duty to provide opinions on the meaning of the statutes the Legislature enacts and will answer your question pursuant to this duty. *See* TEX. CONST. art. IV, § 22; TEX. GOV'T CODE § 402.042(a); *see also* Tex. Att'y Gen. Op. No. GA-0630 (2008) at 4 ("The attorney general's constitutional duty to render legal advice . . . does not include the authority to legislate or establish binding judicial precedent. We may advise only about our understanding of the current status of the law." (citations omitted)).

The Legislature has not defined "physician" specifically within chapter 574. However, chapter 574 is within Title 7, Subtitle C, which is titled the "Texas Mental Health Code." For purposes of the Mental Health Code, including section 574.009, the Legislature has defined "physician" as:

> (A) a person licensed to practice medicine in this state;
>
> (B) a person employed by a federal agency who has a license to practice medicine in any state; or
>
> (C) a person authorized to perform medical acts under a physician-in-training permit at a Texas postgraduate training program approved by the Accreditation Council for Graduate Medical Education, *the American Osteopathic Association*, or the Texas Medical Board.

TEX. HEALTH & SAFETY CODE § 571.003(18) (emphasis added).[3] With regard to the definition of physician in subsection (A), individuals with a degree designation of doctor of osteopathy may become licensed to practice medicine in this State. *See* TEX. OCC. CODE § 162.151(4) (defining "physician" for purposes of the physician credentialing statutes as "a holder of or applicant for a license [to practice medicine] as a medical doctor or doctor of osteopathy"). In order to obtain a license to practice medicine in Texas, an applicant must meet certain requirements, including that the applicant be a graduate of an approved medical school. *Id.* § 155.003(a)(4). That section further provides that "[a]ll medical or osteopathic medical education an applicant receives in the United States must be accredited by an accrediting body officially recognized by the United States Department of Education as the accrediting body for medical education leading to the doctor of

---

[3]The Occupations Code also defines "physician" for purposes of the Medical Practice Act as "a person licensed to practice medicine in this state." TEX. OCC. CODE § 151.002(12).

medicine degree *or the doctor of osteopathy degree.*" *Id.* § 155.003(b) (emphasis added). This provision demonstrates that the Legislature intended for either a doctor of medicine degree or a doctor of osteopathy degree to satisfy the medical school graduation requirement to obtain licensure as a physician. Consistent with this provision, the Texas Medical Board licenses as physicians both doctors of medicine and doctors of osteopathy in the same manner, giving them the same legal status.[4] Furthermore, in subsection 571.003(18)(C), the Legislature has defined physician specifically for purposes of the Mental Health Code to include an individual obtaining postgraduate training in a program approved by an osteopathic accrediting organization, suggesting that it intended to include osteopathic doctors among those who may issue a certificate of medical examination for mental illness. *See* TEX. HEALTH & SAFETY CODE § 571.003(18)(C); *see Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) (explaining that the plain meaning of a statute is the best expression of legislative intent).

In addition, the Healing Art Identification Act mandates how specific degree holders in the healing arts shall identify themselves professionally. *See* TEX. OCC. CODE § 104.003; *see also id.* § 104.002 (defining "healing art" to include a diagnosis to ascertain an unhealthy mental condition); *Dunlap v. Young*, 187 S.W.3d 828, 832 (Tex. App.—Texarkana 2006, no pet.) ("[T]he term 'healing arts' is treated as nearly synonymous with 'health professions' or 'the practice of medicine.'"). The Legislature has expressly provided that "[a] person who is licensed by the Texas State Board of Medical Examiners and holds a doctor of osteopathy degree shall" identify himself or herself using certain specific designations, including, as one option, "*physician* or surgeon, D.O.*" TEX. OCC. CODE § 104.003(c)(1) (emphasis added). Thus, the Legislature considers licensed individuals with a doctor of osteopathy degree to be physicians.

Section 574.009 of the Health and Safety Code requires that a physician perform a medical examination on the proposed patient before issuing a certificate of medical examination for mental illness, and chapter 574 does not limit the type of medical education degree a physician must hold in order to do so. *See* TEX. HEALTH & SAFETY CODE § 574.009(a). Thus, pursuant to chapter 574 of the Health and Safety Code, an individual licensed to practice medicine in this State, whether holding a doctorate degree in medicine or osteopathy, may issue a certificate of medical examination for mental illness.

The Legislature has expressly prohibited a "hospital, institution, or program that is licensed by the state, is operated by the state or a political subdivision of the state, or directly or indirectly receives state financial assistance" from discriminating against "a person [licensed as a physician] solely on the basis of the academic medical degree held by the person." TEX. OCC. CODE § 151.051(a). Refusing to accept a certificate of examination for mental illness from a physician solely on the basis that the physician holds a degree designation of doctor of osteopathy rather than a degree of medicine appears to constitute the type of discrimination that the Legislature

---

[4]*See* Letter from Scott M. Freshour, Gen. Counsel, Tex. Med. Bd., to Honorable Rory R. Olsen, Harris Cty. Probate Ct. Number Three at 1 (Sept. 21, 2016) (attached to Request Letter) (on file with the Op. Comm.).

specifically sought to avoid. We find no authority to reject a certificate of medical examination for mental illness solely on the degree designation distinction.

## S U M M A R Y

Pursuant to chapter 574 of the Health and Safety Code, an individual licensed to practice medicine in this State, whether holding a doctorate degree in medicine or osteopathy, may issue a certificate of medical examination for mental illness as provided in section 574.009.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee